# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SELECT MEDICAL CORPORATION d/b/a/ REGENCY HOSPITAL COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) REBECCA PARDO and JOSEPH ) PARDO, ) ) Defendants. ) ) | CIVIL ACTION NO. 5:12-CV-375 (MTT) |

## ORDER

Before the Court is the Plaintiff's Motion for Default Judgment. (Doc. 12). The motion is **GRANTED**.

## I. BACKGROUND

From January 5, 2012 through March 23, 2012, the Plaintiff treated Joseph Pardo at its Macon hospital. (Doc. 1, ¶ 7; Doc. 12-2, ¶ 3). The day of his admission, Joseph Pardo's wife, Rebecca Pardo, executed on her husband's behalf a Consent to Admission of Treatment, Authorization to Release Information and Assignment of Insurance Benefits (Doc. 1-1 at 2-4). This agreement provided that any insurance payments to Joseph Pardo would be paid to the Plaintiff.[1] (Doc. 1-1 at 3, ¶¶ 8, 9). The Plaintiff eventually charged $464,771.41 for Joseph Pardo's treatment. (Doc. 1, ¶ 10; Doc. 1-1 at 6-67; Doc. 12-2, ¶ 3). However, based on a negotiated rate agreement with Blue Cross Blue Shield, the actual amount billed was reduced to $128,700. (Doc. 12-2, ¶ 4). Blue Cross Blue Shield mailed a check for this amount to Rebecca Pardo. (Doc.

---
[1] Joseph Pardo is a dependent on his wife's Blue Cross Blue Shield insurance policy. (Doc. 12-2, ¶ 3).

1, ¶ 11; Doc. 12-2, ¶¶ 4-5; Doc. 12-2 at 6-9). Despite several demands by the Plaintiff that the Pardos forward the check to them, Rebecca Pardo deposited the check and Joseph Pardo never paid his bill. (Doc. 1, ¶ 12; Doc. 12-2, ¶ 7; Doc. 12-2 at 16-17). The Plaintiff sued, serving the Defendants January 29, 2013.[2] (Docs. 1, 10). There has been no response. The Clerk of Court entered the Defendant's default pursuant to Fed. R. Civ. P. 55(a), and the Plaintiff now moves for Default Judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. 12).

## II. DISCUSSION

At a party's request, and following the Clerk's entry of default, the Court may enter default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys, Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is committed to the discretion of the Court. *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985). However, default judgment does not follow automatically from the Clerk's entry of default. The Court additionally "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d

---

[2] The Plaintiff first sent the Defendants a Summons, Complaint, and Waiver of Service pursuant to Fed. R. Civ. P. 4(d) the same day it filed the Complaint. However, the Defendants never responded. More than 120 days passed, and the Plaintiff on January 28, 2013 made a second effort to serve the Defendants by asking the Clerk of Court to issue additional Summonses. The Plaintiff then had Federal Express deliver the Summonses and Complaints to the Defendants pursuant to Fed. R. Civ. P. 4(c) and 4(e). After the Plaintiff presented evidence to the Court that the Defendants received these documents on January 29, 2013, the Court accepted the Plaintiff's Notice of Service (Doc. 10) by text order dated February 8, 2013. In that same text order, the Court also extended the Plaintiff's time for perfecting service to avoid dismissal pursuant to Fed. R. Civ. P. 4(m).

1200, 1206 (5th Cir. 1975).[3] As to requests for damages, the Court may conduct evidentiary hearings, although "no such hearing is required where all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

The Plaintiff's claims are for (1) Breach of Contract against Joseph Pardo for failing to pay for his medical treatment; (2) Unjust Enrichment against Joseph Pardo for failing to pay for his medical treatment; and (3) Conversion against both Defendants for retaining the Blue Cross Blue Shield check. (Doc. 1, ¶¶ 16-30). For claims (1) and (2), the Plaintiff seeks actual damages of $464,771.41, the amount of unpaid treatment, plus $128,700 for the Blue Cross Blue Shield check. The Plaintiff also asks for punitive damages, attorney's fees and costs, and pre- and post-judgment interest.

### A. Liability

#### 1. Breach of Contract

A party asserting breach of contract in Georgia must plead and prove (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *Select Medical Corp. v. Allen*, 2012 WL 5879821 at *2 (M.D. Ga.) (citing O.C.G.A. § 13-3-1). The party must further show "'the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.'" *Cincinnati Ins. Co. v. Tommy L. Griffin Plumbing and Heating Co.*, 2012 WL 4759086 at *3 (M.D. Ga.) (quoting *Duke Galish, LLC v. Manton*, 308 Ga. App. 316, 320, 707 S.E.2d 555, 559 (2011)). Accepting as true the well-pleaded facts outlined above, the elements of the Plaintiff's Breach of Contract claim have been met. Joseph

---

[3] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Pardo is liable to the Plaintiff for the medical treatment and services rendered for which he agreed to, but did not, pay.

### 2. Unjust Enrichment

Because Joseph Pardo is liable to the Plaintiff for Breach of Contract, the Court need not address the Unjust Enrichment claim, which is premised on the same underlying facts. *See Select Medical Corp.*, 2012 WL 5879821 at *2 ("An unjust enrichment theory does not lie where there is an express contract.") (citation and quotation marks removed).

### 3. Conversion

A party bringing a conversion of personal property claim "must show title to the property, possession by the defendant, demand for possession, and refusal to surrender the property, or an actual conversion prior to the filing of the suit." *Select Medical Corp.*, 2012 WL 5879821 at *2; *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 358 551 S.E.2d 765, 769 (2001). Actual conversion is "[a]ny distinct act of dominion and control wrongfully asserted over another's personal property, in denial of his right or inconsistent with his right." *Taylor*, 250 Ga. App. at 358, 551 S.E.2d at 769. Accepting as true the well-pleaded facts outlined above, the elements of the Plaintiff's Conversion claim have been met. The Defendants are liable to the Plaintiff for refusing to relinquish the Blue Cross Blue Shield check assigned to the Plaintiff.

## B. Damages

### 1. Breach of Contract

There is sufficient evidence in the record to determine the actual damages to the Plaintiff. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (a court may award damages for a default judgment without

a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation). Specifically, the records produced by the Plaintiff indicate it provided $464,771.41 in medical treatment and services to Joseph Pardo. (Doc. 1-1 at 6-67; Doc. 12-2 at 13-19). Further, the Plaintiff's employee Sarah Fischman has testified by affidavit that none of these charges have been paid. (Doc. 12-2, ¶¶ 3, 8). Accordingly, the Court finds the Plaintiff is entitled to actual damages in the amount of $464,771.41 for Joseph Pardo's breach of contract.

### 2. Conversion

The Plaintiff also requests $128,700 for the conversion of the Blue Cross Blue Shield check. The Plaintiff has shown Blue Cross Blue Shield issued to the Pardos Check No. 00025269909 in that amount May 8, 2012. (Doc. 12-2, ¶ 5; Doc. 12-2 at 6-9). The Plaintiff demanded the Defendants send it the check, but the Defendants never did. (Doc. 12-2, ¶¶ 5-8). Accordingly, the Plaintiff is entitled to actual damages in the amount of $128,700 based on the conversion claim. However, because the check was to satisfy the Defendants' hospital bill, this is included within, and not added to, the $464,771.41 breach of contract damages.

### 3. Punitive Damages

The Plaintiff asks for punitive damages based on the Defendants' conversion of the Blue Cross Blue Shield check. Pursuant to O.C.G.A. § 51-12-5.1(b), a court may award punitive damages where "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Based on the admitted allegations in the Complaint, the Court finds

the Defendants exhibited such behavior. The Plaintiff is entitled to punitive damages in the amount of $5,000.

### C. Attorney's Fees and Litigation Expenses

Attorney's fees and litigation expenses are not generally allowed. However, where they are permitted where specially pleaded "and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. The Plaintiff has so pled, and the facts indicate the Defendants acted in bad faith and caused unnecessary expense. According to the evidence, Plaintiff's counsel has spent 34.75 hours on this matter at a rate of $395 per hour, resulting in bills to the Plaintiff of $13,726.25. (Doc. 12-1, ¶¶ 6-7). An additional $638.10 in expenses has also accrued. (Doc. 12-1, ¶ 7). Accordingly, the Plaintiff is entitled to fees and expenses totaling $14,364.35.

### D. Interest

The Plaintiff requests pre- and post-judgment interest on its actual damages. Prejudgment interest in this case is calculated pursuant to the "Consent to Admission of Treatment, Authorization to Release Information and Assignment of Insurance Benefits" that Rebecca Pardo signed upon Joseph Pardo's admission to the Plaintiff's hospital. (Doc. 1-1 at 3, ¶ 11). According to that agreement, "if the patient does not pay the entire balance within thirty (30) days after the date of the bill, a charge of one percent (1%) of the total balance on the account will be added to the account for that billing period and each month thereafter until the balance is paid in full." The date of the bill was April 5, 2012. (Doc. 1-1 at 6). The bill was not paid within 30 days and remains unpaid. Accordingly, between April 5, 2012 and April 5, 2013, interest in the amount of $4,647.71 per month accumulated for twelve months, producing $55,772.57. The

Plaintiff is entitled to this amount in prejudgment interest.[4]  The Plaintiff is additionally entitled to post-judgment interest as provided for by law.

## III. CONCLUSION

The Plaintiff's Motion for Default Judgment is **GRANTED**.  Judgment is entered against the Defendants on the Plaintiff's claims for Breach of Contract and Conversion.  For these claims, the Plaintiff is entitled to actual damages totaling $464,771.41.[5]  The Plaintiff is further awarded $5,000 in punitive damages, $14,364.35 in attorney's fees and litigation expenses, and $55,772.57 in prejudgment interest.  In sum, default judgment is entered against the Defendants in the amount of $539,908.33, plus post-judgment interest as provided for by law.

**SO ORDERED**, this 24th day of April, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Plaintiff also requested pre-judgment interest on its conversion claim.  However, because the conversion damages are included within the damages for breach of contract, the Court denies this request.

[5] This includes the $128,700 the Plaintiff would be separately entitled to for its conversion claim.