IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SELECT MEDICAL CORPORATION d/b/a )
REGENCY HOSPITAL COMPANY, )
)
      Plaintiff, )
)
      v. ) CIVIL ACTION NO. 5:12-CV-375
) (MTT)
)
REBECCA PARDO, *et al.*, )
)
      Defendants. )

## ORDER

Plaintiff Select Medical Corporation has filed a motion to compel Defendant Rebecca Pardo to respond to its post-judgment discovery requests and has moved the Court to award attorney's fees incurred in filing the motion. Doc. 22. Pardo has not responded to the motion. For the reasons discussed below, that motion (Doc. 22) is **GRANTED in part**, and Pardo is **ORDERED** to respond to Select's post-judgment discovery requests by **July 10, 2019**.

### I. BACKGROUND

On September 18, 2012, Select filed its complaint against Joseph and Rebecca Pardo for failure to pay Select for the medical treatment, services, and supplies it provided to Joseph while he was a patient in Select's Macon, Georgia hospital. Doc. 1. The Pardos failed to answer the complaint, and the Court granted Select's motion for default judgment, entitling Select to damages and costs totaling $539,908.33, plus post-judgment interest. Doc. 16. Judgment was subsequently issued against the Pardos. Doc. 17.

On March 8, 2019, Select served Rebecca Pardo with its post-judgment discovery requests, including requests for production and interrogatories.[1]  Docs. 22-2; 22-3; 22-4.  Pardo failed to respond to these discovery requests by April 8.  On April 18, Select send Pardo a letter requesting that she respond to the discovery and if she failed to do so by April 29, Select would file a motion to compel.  Doc. 22-5.  Pardo failed to respond.  On May 9, Select filed its motion to compel post-judgment discovery and to award attorney's fees incurred in filing the motion.  Doc. 22.  As of June 19, Pardo has yet to respond to the discovery requests.

## II.  DISCUSSION

**A.  Motion to Compel**

Federal Rules of Civil Procedure 37(a)(3)(B) and 69(a)(2) authorize and support an order compelling discovery.  Rule 69(a)(2) states that judgment creditors are entitled to discovery, including RFPs and interrogatories, "from any person—including the judgment debtor"—in aid of the judgment or execution.  Responding parties must answer these requests within thirty days after being served, absent circumstances not present here.  Fed. R. Civ. P. 33(b)(2), 34.  Rule 37(a)(3)B) states that a party seeking post-judgment discovery may move the Court to compel another party to answer an interrogatory or produce documents.

When deciding whether discovery should be compelled, courts must weigh the relevance of discovery requests against whether production would be overly burdensome.  *See United States v. R. Enters., Inc.*, 498 U.S. 292, 306 n.4 (1991) (citations omitted).  Select states that it is entitled to this post-judgment discovery

---

[1] Defendant Joseph Pardo is now deceased.  Doc. 22-1 at 1 n.1.

because "'[a] judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located.'" Doc. 22-1 at 3 (quoting *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982)) (other citations omitted). In other words, the information sought is relevant to Select's collection efforts. Because Pardo has not responded to the discovery requests, the Court assumes that production is not overly burdensome. Accordingly, Select's motion to compel Pardo to produce the requested documents and answer the interrogatories is **GRANTED**. Pardo is **ORDERED** to respond to Select's post-judgment discovery requests that she received on March 8, 2019 by **July 10, 2019**.

## B. Attorney's Fees

Select seeks to recover attorney's fees incurred in filing its motion to compel. Doc. 22-1 at 4. The Court will reserve ruling on this matter.

### III. CONCLUSION

For the foregoing reasons, Select's motion to compel (Doc. 22) is **GRANTED in part**. Pardo is **ORDERED** to respond to Select's post-judgment discovery requests (Docs. 22-2; 22-3) that she received on March 8, 2019 by **July 10, 2019**. The Court will reserve ruling on Select's motion for attorney's fees until a later date.

**SO ORDERED**, this 21st day of June, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT